IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN DION | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No.: |
| GC SERVICES LIMITED PARTNERSHIP | : |
| Defendant. | : **JURY TRIAL DEMANDED** |

# COMPLAINT

## INTRODUCTION

1. This action is brought by ALAN DION, against GC Services Limited Partnership for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 and *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 747 (2012).

3. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 in that Defendant conducts business in this District, Plaintiff resides in this District, and a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Alan Dion, is an adult individual residing in Philadelphia County, Pennsylvania.

5. Defendant, GC Services Limited Partnership, (hereinafter, "GC" or "Defendant") is a business entity with principal offices located at 6330 Gulfton Street, Houston, Texas, 77081.

6. The Defendant, GC, is a debt collector and regularly attempts to collect debts.

## FACTUAL ALLEGATIONS

7. At all times mentioned herein, Defendant, acted by and through its officers, directors, managers, agents, servants, contractors, attorneys, third-party vendors, representatives and/or employees.

8. Plaintiff is the owner, subscriber, regular user, and possessor of a cellular telephone with the assigned number ending in "6117".

9. At all times mentioned herein, Defendant, through or in concert with its agents and/or third party vendors, used an Automatic Telephone Dialing System ("ATDS"), a Predictive Dialer ("PD") and/or artificial or pre-recorded voice equipment and services ("APV") to make telephone calls to Plaintiff's aforesaid cellular telephone in an attempt to collect an alleged credit card debt.

10. At no time herein did Defendant have Plaintiff's prior express consent to call Plaintiff's cellular telephone using an ATDS, a PD, or an APV.

**COUNT ONE**
**Violations of the Telephone Consumer Protection Act ("TCPA")**
**47 U.S.C. § 227, *et seq.***

11. Plaintiff incorporates the foregoing paragraphs as though the same were set forth fully at length herein.

12. Within the four-year period immediately preceding the filing of this action, and more specifically, but not limited to, between in or about February 2016 through May 2016, Defendant made dozens, if not hundreds, of telephone calls to Plaintiff's aforesaid cellular telephone number by using an ATDS, PD and/or APV, all of which violated 47 U.S.C. § 227(b)(1)(A)(iii).

13. Pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), regarding restrictions on the use of automated telephone equipment:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … (iii) to any telephone number assigned to a … cellular telephone service …

14. Specifically, the Federal Communications Commission ("FCC"), which, pursuant to 47 U.S.C. § 227(b)(2), has been charged by Congress to promulgate TCPA regulations under its rule-making authority, has defined the terms "automatic telephone dialing system" ("ATDS") and "autodialer" to mean equipment which, (a) has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and (b) to dial such numbers. 47 U.S.C. § 227(a)(1); 47 C.F.R. 64.1200(f)(2).

15. Further, the definition of an ATDS includes the use of a "predictive dialer." As explained by the FCC:

> A "predictive dialer" is a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a telemarketer will be available to take the call. Telemarketers use such software programs to minimize the amount of downtime for a salesperson. In some instances, however, no telemarketer is free to take a call that has been placed by a predictive dialer, and the consumer answers the phone only to hear "dead air" or a dial tone, causing frustration. *2003 TCPA Order, 18 FCC Rcd at 14014, 14022, para. 8 n.31*.

16. In ruling that a predictive dialer ("PD") is an ATDS, the FCC stated:

> We believe the purpose of the requirement that equipment have the "capacity to store or produce telephone numbers to be called" is to ensure that the prohibition on autodialed calls not be circumvented. Therefore, the Commission finds that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" and the intent of Congress. *2003 TCPA Order, 18 FCC Rcd. 14014, 14092-14093*.

17. Defendant's use of an ATDS, PD and APV in calling Plaintiff on his cell phone is further documented by outside sources as well.

18. Defendant's use of an ATDS is shown in the records of the *Public Utility Commission of Texas* wherein GC, from 1989 through 2016, has annually acknowledged and registered its use of an Automatic Telephone Dialing System – otherwise known under Texas law as an Automatic Dial Announcing Device ("ADAD"). **See Exhibit A,** *(Public Utility Commission of Texas ADAD Report for GC).*

19. Texas' definition of an ADAD is the practical equivalent of the FCC's definition of an ATDS and reads as follows:

> "[A]utomated dial announcing device" means automated equipment used for telephone solicitation or collection that can:
>
> (1) store telephone numbers to be called or produce numbers to be called through use of a random or sequential number generator; and
>
> (2) convey, alone or in conjunction with other equipment, a prerecorded or synthesized voice message to the number called without the use of a live operator.
>
> *Texas Public Utility Regulatory Act, TEX. UTIL. CODE ANN. § 55.121*

20. More specifically, within the four year period applicable in this case, Defendant filed ADAD permit applications in the years 2012, 2013, 2014, 2015 and 2016, consistently identifying its autodialing equipment and their manufacturers. ***See Exhibit B****, (collection of Defendant's ADAD annual registrations from 2012 through 2016 as filed with the Public Utility Commission of Texas).*

21. Further, a previously captured screenshot of Defendant's website touts Defendant's use of its predictive dialer.[1]  ***See Exhibit C***, excerpt from Cylex online business directory found at:

http://houston.cylex-usa.com/company/gc-services-limited-partnership-9746059.html

---

[1] The current edition of Defendant's website, found at https://gcserv.com/, appears not to mention its ATDS or predictive dialer technology, perhaps to discourage bringing attention to its exposure to TCPA violations.

5

22. Moreover, one of Defendant's unidentified former employees, on the employment website Indeed.com, reveals Defendant's collection activities are conducted with an "auto-dialer". **See Exhibit D**, found at:

http://www.indeed.com/cmp/Gc-Services/reviews?fcountry=ALL&fjobtitle=Account+Specialist&ftopic=jobsecadv&fjobcat=sales&sort=en

23. Further supporting Defendant's use of an ATDS, a LinkedIn page, as well as a page from the website Lead411.com, identify one Charles Thompson as a Senior Dialer Analyst who has worked for Defendant from 1994 to present. **See Exhibit E**, *copies of LinkedIn page and Lead411 page, respectively found at:*

https://www.linkedin.com/in/charles-thompson-b5a5761 and

https://www.lead411.com/Charles_Thompson_13244681.html

24. Given the aforesaid, it is apparent that Defendant stored Plaintiff's cellular telephone number in its database and did in fact use an ATDS to call Plaintiffs' cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

25. None of the autodialed calls made by Defendant to Plaintiff's cellular telephone was for emergency purposes.

26. As a result of Defendant's aforesaid TCPA violations, Plaintiff suffered actual damages including emotional distress, anxiety, stress, annoyance and interruption of his work.

27. Defendant's continual and violative conduct in making calls to Plaintiff's cellular telephone was knowing and willful in that Defendant took

purposeful affirmative steps to ascertain Plaintiff's cellular telephone number and then violate the TCPA.

  WHEREFORE, Plaintiff demands judgment against Defendant,

  a) in the amount of $1,500.00 for each call made in knowing or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3) as trebled and permitted by statute;

  b) in the amount of $500.00 for each call made in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

  c) declaring Defendant to be in violation of the TCPA and enjoining Defendant from committing any further violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

  d) such other relief as the Court deems just and proper.

## **NOTICE TO PRESERVE DOCUMENTS, RECORDS AND EVIDENCE**

  Plaintiff hereby demands the Defendant, its officers, directors, managers, agents, servants, employees, representatives, contractors and/or attorneys preserve any and all evidence that is relevant or related to this litigation, including but not limited to all outbound dialing records and lists, call logs, call records, call detail, call summaries, telephone bills, data compilations, data storage records, dialing or call attempt records, dialing or call completion records, artificial voice records or recordings, pre-recorded voice records or recordings, computer records, electronic records or any other documents or data that in any way relate to or reference communications or telephone calls made, or attempted to be made or dialed to

Plaintiff, irrespective of whether the communication or telephone call was completed.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all triable claims.

LAW OFFICE OF JOSEPH M. ADAMS

By: /s/ Joseph M. Adams
Joseph M. Adams, Esq.
Attorney ID: 58430
200 Highpoint Drive
Suite 211A
Chalfont, PA 18914
Tele: 215-996-9977
Attorney for Plaintiff