IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALAN DION | CIVIL ACTION |
|---|---|
| vs. | NO. CIVIL ACTION NO. 16-5155 |
| GC SERVICES LIMITED PARTNERSHIP | |

**DEFENDANT, GC SERVICES LIMITED PARTNERSHIP'S
ANSWER TO PLAINTIFF'S COMPLAINT
<u>WITH AFFIRMATIVE DEFENSES</u>**

Defendant GC Services Limited Partnership ("Defendant" or "GCS"), by and through its attorneys Mintzer, Sarowitz, Seris, Ledva & Meyers, LLP, and for its Answer to the Complaint (the "Complaint"), states as follows:

**IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING
"INTRODUCTION"**

1. Defendant states that Plaintiff purports to bring a claim pursuant to the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* Defendant denies that Plaintiff has such a claim herein and denies that it violated any section or sections of the TCPA or engaged in any unlawful activity.

**IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING
"JURISDICTION AND VENUE"**

2. Defendant admits this Court generally has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Subject to its affirmative defenses, Defendant denies jurisdiction.

3. The allegations in paragraph 3 of the Complaint purport to state conclusions of law which do not require a response, except admits that Defendant is authorized to conduct business in Pennsylvania. To the extent these allegations infer the

existence of facts supporting a claim for relief against Defendant, they are denied. Defendant does not contest venue.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "PARTIES"

4. Upon information and belief, Defendant admits that Plaintiff is an adult. In further answering, upon reasonable inquiry, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 because it does not know where Plaintiff lives. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

5. Defendant denies the allegations in paragraph 5 of the Complaint, except admits that GCS has an address at 6330 Gulfton Street, Houston, Texas, 77081.

6. Defendant denies the allegations in paragraph 6 of the Complaint, except admits that Defendant handles certain accounts.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "FACTUAL ALLEGATIONS"

7. Defendant denies the allegations contained in paragraph 7 of the Complaint, except admits that at certain times Defendant acts through various entities and individuals.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendant, they are denied.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

## IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING
"COUNT ONE: Violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, *et seq.*"

11. For its response to paragraph 11 of the Complaint, Defendant reaffirms and realleges its responses to paragraphs 1 through 10 set forth above, as though fully set forth herein.

12. The allegations set forth in paragraph 12 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

13. The allegations set forth in paragraph 13 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

14. The allegations set forth in paragraph 14 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

15. The allegations set forth in paragraph 15 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

16. The allegations set forth in paragraph 16 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint, except admits that Defendant attempted to communicate with Plaintiff regarding Plaintiff's debts.

18. The allegations set forth in paragraph 18 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied. Further, Defendant respectfully directs the Cout to Exhibit A of the Complaint for its complete content and legal import, if any.

19. The allegations set forth in paragraph 19 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint and respectfully directs the Court to Exhibit B of the Complaint for its complete content and legal import, if any.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint and respectfully directs the Court to Exhibit C of the Complaint for its complete content and legal import, if any.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint and respectfully directs the Court to Exhibit D of the Complaint for its complete content and legal import, if any.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint and respectfully directs the Court to Exhibit E of the Complaint for its complete content and legal import, if any.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to for a belief as to the truth or falsity of the allegations set forth in paragraph 25 of the Complaint. To

the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" clause of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim and/or cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any violation of the Telephone Consumer Protection Act, which Defendant denies occurred, was not intentional and would have resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks original jurisdiction over the Telephone Consumer Protection Act ("TCPA") claims. 47 U.S.C. § 227(b)(3).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

### FIFTH AFFIRMATIVE DEFENSE

The TCPA violates the First Amendment's Free Speech Clause.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims, as Defendant may possess certain arbitration rights based on contracts entered into by Plaintiff, and this matter may be precluded from proceeding within the United States District Court.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA. Any purported violation of these laws, which Defendant denies occurred, was unintentional, and occurred in despite of procedures reasonably adapted and maintained to avoid such error.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that any violation of the TCPA occurred, which defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any of the underlying telephone numbers were provided by Plaintiff to its original creditor and/or to the extent that consent can be derived from the terms and conditions of Plaintiff's agreement with the original creditor, and therefore, Defendant had consent to call such telephone numbers.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by reason of one or more applicable statutes of limitations, contractual limitations periods or the application of the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent any violation of the TCPA occurred, which Defendant denies, it resulted from good faith reliance upon incorrect information provided by other persons or entities other than an agent, servant or employee of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by legal or equitable doctrines, including but not limited to estoppel, waiver and unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE**, Defendant GC Services Limited Partnership respectfully requests that this Court dismiss the Complaint in its entirety and grant such other and further relief in their favor as the Court deems just and proper.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: /s/ GEORGE W. VOKOLOS, ESQUIRE
GEORGE W. VOKOLOS, ESQUIRE
Attorney for Defendant,
**GC SERVICES LIMITED PARTNERSHIP**
Centre Square, West Tower
1500 Market Street, Suite 4100
Philadelphia, PA 19102
(215) 735-7200
gvokolos@defensecounsel.com
**MSZL&M File No. 002450.000001**

**Dated:** November 14, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN DION | CIVIL ACTION |
| vs. | NO. CIVIL ACTION NO. 16-5155 |
| GC SERVICES LIMITED PARTNERSHIP | |

### CERTIFICATE OF SERVICE

I, **GEORGE W. VOKOLOS, ESQUIRE**, hereby certify that I caused to be served a copy of *Defendant, GC Services Limited Partnership's Answer to Plaintiff's Complaint with Affirmative Defenses* to all parties and/or their counsel of record via the Court's Electronic Filing System on **November 14, 2016**. Service upon:

Joseph M. Adams, Esquire
LAW OFFICE OF JOSEPH M. ADAMS
200 Highpoint Drive - Suite 211A
Chalfont, PA 18914

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: /s/ GEORGE W. VOKOLOS, ESQUIRE
GEORGE W. VOKOLOS, ESQUIRE
Attorney for Defendant,
**GC SERVICES LIMITED PARTNERSHIP**
Centre Square, West Tower
1500 Market Street, Suite 4100
Philadelphia, PA 19102
(215) 735-7200
gvokolos@defensecounsel.com
**MSZL&M File No. 002450.000001**

**Dated:** November 14, 2016